OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Snide, Appellant, v. Columbus Board of Education, Appellee.
[Cite as Snide v. Columbus Bd. of Edn. (1993),     Ohio
St.3d    .]
R.C. 5923.05 (now 5923.05[A][1]) provides that an employee is
     entitled to receive thirty-one days of compensation for
     the calendar year in which he or she takes a military
     leave of absence to go on active duty, but not for
     subsequent calendar years of a multi-year leave of absence.
     (No. 92-1101 -- Submitted April 27, 1993 -- Decided July
7,1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-1327.
     Appellant, Robert Snide, was employed by the Columbus Board of Education as a teacher when he requested a leave of absence to serve in a full-time active duty capacity with the Ohio National Guard.  The request for leave was approved by the board of education and, pursuant thereto, appellant went on active duty for the following school years:  1986-1987, 1987-1988 and 1988-1989.
     Subsequent to his return from active duty, appellant filed an action for declaratory and compensatory relief, as well as a writ for mandamus, seeking thirty-one days of compensation for each of the four calendar years he was on active military duty with the Ohio National Guard.
     The trial court found in favor of appellant and entered a declaratory judgment that, pursuant to R.C. 5923.05, appellant is entitled to thirty-one days of compensation for each of the four calendar years that he was on active military duty.  The court of appeals reversed that judgment, holding that the appellant was entitled to receive only thirty-one days of compensation for the year 1986.
     The cause is now before this court pursuant to the allowance of a motion to certify the record.

     Cloppert, Portman, Sauter, Latanick & Foley, Frederic A. Portman and William J. Steele, for appellant.
     Lawrence H. Braun; Bricker & Eckler, Jerry E. Nathan and Betsy A. Swift, for appellee.

Francis E. Sweeney, Sr., J.   The sole issue is whether R.C. 5923.05 provides that an employee is entitled to thirty-one days of compensation for each of the multi-calendar years that he or she is on active military duty.  For the following reasons, we answer this question in the negative and, accordingly, affirm the judgment of the court of appeals.

R.C. 5923.05,1 now 5923.05(A)(1), provides, in pertinent part:

"All officers and employees of the state * * * who are members of the Ohio national guard * * * are entitled to leave of absence from their respective duties without loss of pay for such time as they are in the military service on field training or active duty for periods not to exceed thirty-one days in any one calendar year."

While courts in Ohio have not previously addressed this issue, the language of this statute was interpreted by former Ohio Attorney General Mark McElroy, as follows:

"* * * The statute, therefore, requires, as a condition to receipt of the benefits provided therein, that an employee change his status from an employee to an employee on leave of absence for military service and such change of status must occur prior to granting of up to 31 days pay within a calendar year."  1962 Ohio Atty.Gen.Ops. No. 2936, at 266.

Based upon our reading of the statute, and guided by the above Ohio Attorney General opinion, we believe that the legislature intended R.C. 5923.05 to provide some additional compensation to an employee in the calendar year in which his status changes from "employee" to "employee on military leave of absence" and not as a "perk" that an individual can receive each multi-calendar year that he or she remains on active duty.  Therefore, we conclude that R.C. 5923.05 provides that an employee is entitled to receive thirty-one days of compensation for the calendar year in which he or she takes a military leave of absence to go on active duty, but not for subsequent calendar years of a multi-year leave of absence.

Accordingly, the court of appeals judgment finding that the appellant was entitled to receive only thirty-one days of compensation for the calendar year 1986 is affirmed.

Judgment affirmed.

Footnote:
1.  R.C. 5923.05 was amended twice in 1991.  However, the language of current R.C. 5923.05(A)(1) is the same as that in former R.C. 5923.05.

A. William Sweeney, J., dissenting.    In my view, the majority opinion has misconstrued the intent of the General Assembly in its enactment of R.C. 5923.05 (now 5923.05[A][1]). Therefore, I must respectfully dissent from this erroneous interpretation.

The majority's cursory analysis of the 1962 Attorney General Opinion belies the fact of the subsequent and more cogently analyzed Attorney General Opinion issued in 1986, which overruled in relevant part the earlier opinion.

The 1986 opinion, authored by then Ohio Attorney General Anthony J. Celebrezze, Jr., which is totally ignored by the majority, reasoned in pertinent part as follows:

"R.C. 5923.05 entitles an employee to leave without loss

of pay for a period of up to thirty-one days 'in any one calendar year.'  The statute, therefore, merely limits the number of days in each calendar year for which a public employee on a military leave of absence may be compensated by his employer.  R.C. 5923.05 does not, however, require the employee to render service to the public employer during that time.  See R.C. 5903.02 (during a military leave of absence, a public employee 'shall, for all purposes, be considered as having rendered service [to the public employer]').  Further, R.C. 5923.05 places no limitation on the number of years for which a public employee may be granted a military leave of absence and be compensated by the public employer.  See Northern Ohio Patrolmen's Benevolent Association v. City of Parma, 61 Ohio St.2d 375, 377, 402 N.E.2d 519, 521 (1980) ('R.C. 5923.05 mandates that the city pay each employee on military leave of absence his or her full salary for a maximum of 31 days every calendar year irrespective [of military pay]' (emphasis added).  See generally Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285 [66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 1240] (1946) (veterans rights statutes are 'to be liberally construed for the benefit of those who *** serve their country'); accord Coffy v. Republic Steel Corp., 447 U.S. 191, 196 [100 S.Ct. 2100, 2104, 65 L.Ed.2d 53, 59] (1980).  Consequently, if an individual is an employee of the state or a political subdivision at the time he enters active duty, he is entitled to a maximum of thirty-one days of compensation per year for each year during which he serves on military duty.  In light of my disagreement with 1962 Op.No. 2936, I must overrule paragraph three of the syllabus of that opinion."  (Emphasis sic.)  1986 Ohio Atty. Gen. Ops. No. 86-050, at 2-263, 2-266.

Similar to the reasoning in the foregoing opinion, I believe that R.C. 5923.05 is a remedial law which "*** shall be liberally construed in order to promote [its] object and assist the parties in obtaining justice."  R.C. 1.11.  In this regard, I believe that R.C. 5923.05 should be liberally construed for the benefit of those who serve their state or country in the armed services.

In addition, I find the reasoning of Judge Tommy L. Thompson to be particularly persuasive with respect to his construction of R.C. 5923.05 in ruling upon defendant's motion to dismiss in the trial court below:

"If the legislature had intended the plaintiff to receive compensation for only 31 days regardless of the length of active duty service, then the statute simply would read that 'all officers and employees are entitled to leave of absence from their respective duties without loss of pay for such time as they are in military service *** or active duty for a period not to exceed 31 days.'  Because the legislature specifically stated '31 days in any one calendar year', the legislature must have envisioned that active duty can encompass a time frame of more than one year.

"***

"*** To adopt the argument of the [defendant] Board and require the active duty employee to leave active duty, return to his employment and leave again would be 'stretching' the language of the statute, to say the least."

Another defect in the majority opinion is its failure to

acknowledge our prior decision in N. Ohio Patrolmen's Benevolent Assn. v. Parma (1980), 61 Ohio St.2d 375, 377, 15 O.O. 3d 450, 451, 402 N.E. 2d 519, 521, wherein we stated that R.C. 5923.05 mandates that a governmental entity "pay each employee on military leave of absence his or her full salary for a maximum of 31 days every calendar year irrespective of any monetary compensation awarded to such employee from the military." (Emphasis added.)

Contrary to the reasoning of the majority in the cause sub judice, this court in Benevolent Assn., supra, has already found the benefit contained in R.C. 5923.05 to be a "perk" of governmental employees who are on military leave of absence. Id. at 383, 15 O.O.3d at 455, 402 N.E.2d at 525. I sincerely believe that the legislature promulgated this additional compensation to reward government employees and encourage them to serve their state or country in the military. However, in its own way, the majority has unfortunately eviscerated this small token of appreciation that the General Assembly has otherwise deemed appropriate.

For these reasons, I would reverse the judgment of the court of appeals and reinstate the trial court judgment.

Wright, J., concurs in the foregoing dissenting opinion.